A. J. McDANIEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31507. Promulgated December 18, 1952.

*Heard H. Sutton, Esq.*, and *Edgar J. Cheatham, C. P. A.*, for the petitioner.

*Homer F. Benson, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* Respondent has determined a deficiency against petitioner for the taxable year 1947. Petitioner contends that the years 1944 and 1945 are also in issue, respondent having denied petitioner's claims for refund for the years 1944 and 1945. We have no jurisdiction to grant refunds for 1944 and 1945 because the Commissioner has not determined a deficiency in those years. Section 272, I. R. C.

The only issue here is whether petitioner, beginning with the calendar year 1947, may change from the cash receipts and disbursements method of reporting his income to the farm inventory method without securing the formal permission of the Commissioner to do so.

The petitioner relies upon section 22 (c) and section 41 of the Internal Revenue Code and the corresponding section of Regulations

111. Applicable provisions of the Code and regulations are set forth in the margin.[1]

On his 1947 income tax return petitioner elected to avail himself of option 1 of the regulations and computed the amount of his net farm profit using inventory values.[2] Petitioner's farm inventory values on hand were $23,130.69 at the beginning of 1947 and $5,800 at the end of the taxable year. For each of the years preceding the taxable year petitioner's income tax returns were prepared on a cash basis, that is to say, that the amount of farm net profits was computed for each year without using inventory values. As a result of reporting income in this manner, petitioner had already deducted in preceding years the expenses incurred in producing the $23,130.69 farm inventory on hand at the beginning of the taxable year. To this extent petitioner's 1947 accrual basis tax return is inconsistent with petitioner's cash basis tax returns for years preceding the taxable year.

Section 29.22 (c)-6 of Regulations 111 is particularly concerned with this inconsistency. This section of the regulations provides two options to a farmer such as the petitioner who seeks to change from the cash basis to the accrual basis and who has an inventory of

---

[1] SEC. 22. GROSS INCOME.

(c) INVENTORIES.—Whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

SEC. 41. GENERAL RULE.

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

Regulations 111.

SEC. 29.22 (c)-6.—INVENTORIES OF LIVESTOCK RAISERS AND OTHER FARMERS.—Farmers may change the basis of their returns from that of receipts and disbursements to that of an inventory basis provided adjustments are made in accordance with one of the two methods outlined in (1) and (2) below. It is optional with the taxpayer which method is used, but, having elected one method, the option so exercised will be binding upon the taxpayer for the year for which the option is exercised and for subsequent years unless another method be authorized by the Commissioner.

(1) Opening and closing inventories shall be used for the year in which the change is made. There should be included in the opening inventory all farm products (including livestock) purchased or raised which were on hand at the date of the inventory, and there must be submitted with the return for the current taxable year an adjustment sheet for the preceding taxable year based on the inventory method, upon the amount of which adjustment the tax shall be assessed and paid (if any be due) at the rate of tax in effect for that year. Ordinarily an adjustment sheet for the preceding year will be sufficient, but if, in the opinion of the Commissioner, such adjustment is not sufficient clearly to reflect income, adjustments for earlier years may be accepted or required. If it is impossible to render complete inventories for the preceding year or years, the Commissioner will accept estimates which, in his opinion, substantially reflect the income on the inventory basis for such preceding year or years; but inventories must not include real estate, buildings, permanent improvements, or any other assets subject to depreciation.

[2] Petitioner used the "farm-price method" of valuing his inventories, which method is defined in Treasury Regulations 111, section 29.22 (c)-6, and need not be repeated here.

farm products on hand at the beginning of the year of change. Petitioner elected option 1, printed in the margin.

Adjustment sheets are required of the farmer changing his basis under option 1, the option chosen by petitioner. Petitioner has not fully complied with option 1. As provided therein, he used in 1947, the year of change, his actual opening and closing inventories, and also in his opening inventory he included all farm products (including livestock) whether purchased or raised. This was all right so far as it went. But petitioner failed to comply with the additional requirement of option 1, that the farmer must submit,

* * * with the return for the current taxable year an adjustment sheet for the *preceding taxable year* based on the inventory method, upon the amount of which adjustment the tax shall be *assessed and paid* (if any be due) at the rate of tax in effect for that year. * * * [Emphasis added.]

When a taxpayer has filed his return and otherwise complied with the aforesaid requirements of the regulations he has completed the first step in changing his basis of reporting income. After this first step is completed, the Commissioner then must decide whether the adjustment sheet for one year is sufficient to reflect income clearly and if the adjustment sheet for one year is not sufficient to reflect income clearly, adjustments for earlier years may be accepted or required.

Petitioner has not complied with the very first step of the regulations which is when petitioner filed his return for the current taxable year on an accrual basis he must file an adjustment sheet for the prior year, which adjustment sheet shall also be on an accrual basis, and pay the tax shown to be due thereon. Petitioner filed his adjustment sheet for 1946 all right and so far as we can see it was correctly prepared. It showed an additional tax due of $2,328.36. Petitioner did not pay this amount as the regulations require but instead filed adjustment sheets for 1944 and 1945, the net result of which was to show that the Government owed him instead of his owing the Government $2,328.36 as shown by his adjustment sheet for 1946. This, it seems to us, is plainly not in compliance with the regulations. The adjustment sheets filed by petitioner reflect the following:

| Year | Deficiency | Overpayments |
|---|---|---|
| 1946 | $2,328.36 | |
| 1945 | | $2,165.39 |
| 1944 | | 457.00 |
| Total | $2,328.36 | $2,622.39 |
| Net overpayment for three years | | $294.03 |

Since petitioner failed to follow the procedure outlined in the regulations, he is not entitled in 1947 to change his method of reporting income. Respondent did not err in using the cash basis method of computing petitioner's net income for 1947, the same method used by

petitioner in computing the amount of net income reported by him during the taxable years preceding 1947. When the petitioner complies with the applicable regulations he has the right to make the change without securing the formal permission of the Commissioner. Until he does comply with the regulations he has no authority to make such a change.

In support of what he has done petitioner relies upon *Kenneth S. Battelle*, 9 T. C. 299. In our opinion the *Battelle* case is distinguishable on its facts. If the interpretation of the regulations which is involved here was present in that case it was not raised as an issue nor discussed by us in our opinion. In that case we said:

> The respondent does not challenge the fact that the petitioner's return clearly and properly reflects his income, nor does he even suggest that the petitioner did not follow precisely respondent's regulations which set forth the mode and mechanics of the change from a cash basis. * * *

As we have already pointed out such is not the situation here. Petitioner, in our opinion, did not follow the regulations required of him when he undertook to change over from a cash basis to an accrual basis. Until he does do so he cannot make the change.

Respondent's determination that petitioner's net income for the year 1947 must be computed on the same basis as was used by petitioner in preceding years, that is, without using farm inventories is, therefore, sustained.

*Decision will be entered for the respondent.*